UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 14-1833(DSD/JJK)

Catherine Rose Smith,

        Plaintiff,

v.                                                   **ORDER**

Mayo Clinic,

        Defendant.

       Stacey R. Everson, Esq., Stephen W. Cooper, Esq. and The Cooper Law Firm Chartered, Loring Green East, 1201 Yale Place, Suite A-100, Minneapolis, MN, counsel for plaintiff.

       George R. Wood, Esq. and Littler Mendelson, PC, 80 South Eighth Street, Suite 1300, Minneapolis, MN 55402, counsel for defendant.

       This matter is before the court upon the request by defendant Mayo Clinic to file a motion to reconsider the court's January 19, 2016, order granting in part and denying in part Mayo's motion for summary judgment. See ECF No. 48. In that order, the court granted Mayo's motion as it pertained to plaintiff Catherine Rose Smith's claims for racial discrimination and violations of the Family and Medical Leave Act (FMLA). See id. at 9-13, 17-18. The court did not dismiss Smith's claim for retaliation. Id. at 13-17. Mayo now requests permission to file a motion to reconsider, arguing that the court misapplied the statute of limitations when it considered evidence of alleged retaliatory conduct as context for Mayo's adverse employment action, namely terminating Smith. Smith opposes Mayo's request, arguing that the court has already

directly addressed and rejected Mayo's argument.  The court agrees with Smith.

Motions to reconsider require the express permission of the court and will be granted only upon a showing of "compelling circumstances." D. Minn. LR 7.1(j).  A motion to reconsider should not be employed to relitigate old issues but rather to "afford an opportunity for relief in extraordinary circumstances." Dale & Selby Superette & Deli v. U.S. Dep't of Agric., 838 F. Supp. 1346, 1348 (D. Minn. 1993).  "Where, as here, claims against another party in the litigation remain unresolved, a Motion to Reconsider must be addressed under the rubric of Rule 54(b) ...." Grozdanich v. Leisure Hills Health Ctr., Inc., 48 F. Supp. 2d 885, 887 (D. Minn. 1999).  Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities."  Although "questions once decided [should] not be subject to continued argument, in extraordinary circumstances, a District Court will always retain the authority to revisit its earlier decisions, under this Rule, before the entry of a final Judgment, in order to correct manifest error." Grozdanich, 48 F. Supp. 2d at 877-78 (alteration in original) (citation and internal quotation marks omitted).  Because reconsideration "interrupts the

flow of litigation towards its conclusion," however, it "should not serve as a vehicle to identify facts or raise legal arguments which could have been, but were not, raised or adduced during the pendency of the motion of which reconsideration was sought." Id. at 878 (citation and internal quotation marks omitted).

Mayo directly addressed the statute of limitations issue in its briefs. Indeed, in its letter requesting permission to file a motion to reconsider, Mayo cites the same case that it cited in its brief, Betz v. Chertoff, 578 F.3d 929 (8th Cir. 2009). See ECF No. 45 at 3. The court expressly rejected Mayo's argument, finding that Betz and related cases do not prevent the court from considering discrete acts occurring outside the statute of limitations period. See ECF No. 48 at 10-11 & 13-14, nn.7 & 8. Further, Mayo cites no cases decided after the summary judgment hearing.[1] Simply put, Mayo attempts to relitigate old issues that the court has already rejected.

Under these circumstances, the court is satisfied that no

---

[1] Mayo notes that one of these cases, Kirby v. Donahoe, states that "only the acts that were raised within the statutory period ... can be used as a basis for Plaintiff's retaliation claim." Kirby, No. 14-CV-270, 2015 WL 4208694, at *8 (D. Minn. July 10, 2015). The Kirby court also stated, however, that "discrete acts occurring outside of the [statute of limitations period] may be used to provide context for the actionable claims." Kirby, at *6. Accordingly, the court may consider the circumstances surrounding Mayo's disbursement of occurrences to Smith as context for Smith's actionable claim of retaliation.

manifest errors have occurred and that no extraordinary circumstances exist. As a result, reconsideration is not warranted.

Accordingly, **IT IS HEREBY ORDERED** that the request for permission to file a motion to reconsider [ECF No. 49] is denied.

Dated:  January 25, 2016.

s/David S. Doty            
David S. Doty, Judge
United States District Court
